NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0457-15T1

DONG I. SHIN,

 Plaintiff-Appellant,

v.

CNA1 and VALLEY FORGE INSURANCE
COMPANY,

 Defendants-Respondents.
_______________________________

 Argued January 24, 2017 — Decided March 10, 2017

 Before Judges Reisner and Koblitz.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. L-
 2342-15.

 John F. Golden argued the cause for appellant
 (Albert Buzzetti & Associates, LLC, attorneys;
 Mr. Golden, on the brief).

 Edward M. Napierkowski argued the cause for
 respondent (CNA Coverage Litigation Group,
 attorneys; Charles G. Carluccio, III, on the
 brief).

PER CURIAM

1
 Plaintiff incorrectly named "CNA" as a defendant. CNA is a
service mark and not an insurer of the policy at issue.
 In this declaratory judgment action, plaintiff Dong I. Shin

appeals from the August 21, 2015 orders granting summary judgment

to defendant Valley Forge Insurance Company (VFIC) and denying

plaintiff's motion for summary judgment. The motion judge

determined that plaintiff was not entitled to underinsured

motorist (UIM) coverage under the business policy issued by VFIC

for an accident that occurred while he was driving his wife's car

from church on a Sunday. Because the policy lists plaintiff

individually as the named insured, the UIM endorsement covers his

personal car, and some of the language in the UIM endorsement

indicates coverage, we agree with plaintiff and reverse both

orders.

 The facts are not in dispute and the parties agree summary

judgment is appropriate. Plaintiff obtained commercial insurance

from VFIC for his wholesale florist business. He leases a 2007

Mitsubishi refrigerator truck that he uses to carry flowers for

his business. Plaintiff, rather than his business entity, is the

only named insured on a business automobile insurance policy issued

by VFIC for UIM coverage with a $1,000,000 limit. The Mitsubishi

truck is listed on the policy as a "covered 'auto'" and plaintiff's

personal cars, without description, are listed as covered in the

UIM endorsement.

 2 A-0457-15T1
 On August 5, 2012, plaintiff was driving his three children

and a friend home from church in a BMW X5 owned by his wife when

he was rear-ended by another vehicle. Plaintiff sustained injuries

and filed three insurance claims in connection with the accident.

He settled with the company that insured the vehicle that hit him,

for the full policy limit of $25,000. Plaintiff also asserted a

claim under his wife's personal insurance policy for the BMW that

he was driving the day of the accident. Plaintiff settled for

$25,000, which was the remaining balance of the $50,000 policy

after the previous $25,000 settlement was deducted.

 Plaintiff filed a third claim under his business auto

insurance policy with VFIC. After taking plaintiff's deposition,

VFIC denied his claim on the basis that at the time of the accident,

plaintiff was driving his wife's BMW, a car not covered by the

policy. Plaintiff then filed a declaratory judgment action seeking

a determination that VFIC was required to provide him with UIM

coverage for the August 5 motor vehicle accident.

 We review the trial court's grant of summary judgment de novo

and apply the same standard as the trial court. Cypress Point

Condo. Ass'n v. Adria Towers, LLC, 226 N.J. 403, 414 (2016).

Summary judgment must be granted if a review of the record shows

"that there is no genuine issue as to any material fact challenged

and that the moving party is entitled to a judgment or order as a

 3 A-0457-15T1
matter of law." R. 4:46-2(c). No special deference is afforded

to the legal determinations of the trial court when no issue of

fact exists. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins.

Co. of Pittsburg, 224 N.J. 189, 199 (2016).

 Insurance policies are generally interpreted according to

their plain and ordinary meaning. Progressive Cas. Ins. Co. v.

Hurley, 166 N.J. 260, 273-74 (2001). However, when the policy is

ambiguous, "courts should interpret the contract in accordance

with the 'reasonable expectations' of the insured." Shotmeyer v.

N.J. Realty Title Ins. Co., 195 N.J. 72, 82 (2008). "Only where

there is a genuine ambiguity, that is, 'where the phrasing of the

policy is so confusing that the average policyholder cannot make

out the boundaries of the coverage,' should the reviewing court

read the policy in favor of the insured." Templo Fuente De Vida

Corp., supra, 224 N.J. at 200 (quoting Progressive Cas. Ins. Co.,

supra, 166 N.J. at 274); see also Zacarias v. Allstate Ins. Co.,

168 N.J. 590, 601 (2001) (policies will be read according to

insured's understanding when they contain overly technical text,

hidden pitfalls, obscure fine print or require strenuous study to

comprehend).

 After oral argument, the motion court stated in its reasons

that "the BMW at the time of the accident was not a covered

vehicle, and was not a substitute for the covered vehicle when it

 4 A-0457-15T1
was being used on a Sunday for personal family activities, to wit

driving from church, and therefore not engaged in the business as

a florist. See [Dickson] v. Selective Insurance Company, 363 N.J.

Super. 344 (App. Div. 2003) in support of this position." In

Dickson, we found no UIM coverage for an individual injured in his

private vehicle being driven for non-business reasons. We stated:

"Because he was neither a specifically named or covered driver,

nor a person listed as insured or covered in the 'drive other'

endorsement, he was not entitled to UIM protection under the

employer's policy for an accident occurring in a vehicle not owned

and insured by his employer, and having no relation to his

business." Dickson, supra, 363 N.J. Super. at 353.

 The VFIC policy states:

 Schedule of Coverages and Covered Autos

 This policy provides only those coverages
 where a charge is shown in the premium column
 below. Each of these coverages will apply
 only to those "autos" shown as covered
 "autos". "Autos" are shown as covered "autos"
 for a particular coverage by the entry of one
 or more of the symbols from the Covered Auto
 Section of the Business Auto Coverage Form
 next to the name of the Coverage.

 [Emphasis added.]

 Unlike in Dickson, here plaintiff was the one named insured

on the policy and both the leased truck used for flower deliveries

as well as his privately "Owned 'Autos' Subject to A Compulsory

 5 A-0457-15T1
Uninsured Motorist Law" were specifically listed as covered autos

on the UIM endorsement. The UIM endorsement begins with the

statement, "For a covered 'auto'. . . this endorsement modifies

insurance . . . ." The UIM endorsement, however, also contains

the following language:

 B. Who Is An Insured

 If the Named Insured is designated in the
 Schedule or Declarations as:

 1. An individual, then the following are
 "insureds":

 a. The Named Insured and any "family
 members."

 b. Anyone else "occupying" a covered "auto"
 or a temporary substitute for a covered
 "auto." The covered "auto" must be out of
 service because if its breakdown, repair,
 servicing, "loss" or destruction.

 c. Anyone for damages he or she is entitled
 to recover because of "bodily injury"
 sustained by another "insured."

 2. A partnership, limited liability company,
 corporation or any other form of organization,
 then the following are "insureds":

 a. Anyone "occupying" a covered "auto"
 or a temporary substitute for a covered
 "auto." The covered "auto" must be out
 of service because of its breakdown,
 repair, servicing, "loss" or
 destruction.

 b. Anyone for damages he or she is
 entitled to recover because of "bodily
 injury" sustained by another "insured."

 6 A-0457-15T1
 c. The Named Insured for "property
 damage" only.

 This language requires that all persons occupy a "covered

'auto'" to be included in the UIM coverage except for the named

insured, when an individual, and his or her family members. VFIC

argues that because plaintiff's wife's car, which was involved in

the accident, was not a covered business or personal vehicle under

the UIM endorsement, UIM coverage is not available. In the

endorsement, however, the "Who Is An Insured" language establishes

coverage for the individually named insured, regardless of the

vehicle he or she is occupying at the time of the accident.

 "As to insurance contracts specifically, 'the general rule

of construction [is] that if the controlling language of a policy

will support two meanings, one favorable to the insurer and the

other to the insured, the interpretation favoring coverage should

be applied.'" Cypress Point Condo. Ass'n, supra, 226 N.J. at 416

(quoting Mazzilli v. Accident & Cas. Ins. Co., 35 N.J. 1, 7

(1961)). Applying the unambiguous language in the portion of the

UIM endorsement concerning "Who Is An Insured," plaintiff is

entitled to coverage.

 Reversed. We remand for the entry of an order denying

defendant's summary judgment motion and granting plaintiff's

summary judgment motion. We do not retain jurisdiction.

 7 A-0457-15T1